[No. 6058.]

SMITH ET AL. v. THE HALLACK & HOWARD LUMBER COMPANY.

**Appeal—When the Facts Will Be Examined**—Findings based upon evidence legally sufficient will not be set aside on appeal.

*Appeal from Denver District Court* — Hon. PETER L. PALMER, Judge.

Messrs. PEETE & ABRAHAMS, for appellant.

Messrs. BENEDICT & PHELPS, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

In the district court the decree established a lien, under our mechanics' lien act, in favor of plaintiff, who is appellee here, upon the property of defendants, who are appellants here, for and on account of materials furnished by plaintiff to Charles A. Treff, who was the principal contractor of these defendants for the erection of two houses upon their premises. The defendants have grouped their several assignments of error and say that they may be resolved into one question: ''When an owner has made a contract with a principal contractor for the construction of a house in accordance with the lien statutes of this state for a certain price, has duly recorded the same as required by law, and has complied with the provisions of said lien laws as to payments pro-

vided by the contract, as long as the contractor is proceeding with the construction, and in consequence of abandonment committed by the principal contractor, has completed said contract himself, and has expended a sum of money in excess of the contract price in the erection of said building, does a lien exist in favor of a material man who has furnished material at the instance of the principal contractor before the time of said abandonment against the property affected by said contract?''

What the legal consequences are in the supposed case where the principal contractor abandons the work and the owners complete the contract at a cost in excess of the contract price, we are not called upon to say. The decree was based upon the court's findings in favor of plaintiff that the contractor did not abandon the work and the owners did not complete it. One of defendants' assignments of error is that the court so found, but such findings are said to be wrong. Under our well established practice, the evidence being legally sufficient to sustain the findings, we cannot in this review interfere with them. It is obvious that the question propounded by appellant is not presented by the record, and if we should determine it our decision would be *obiter*.

Perceiving no prejudicial error in the record, the judgment must be affirmed. *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MUSSER concur.